**Arben JATA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–6555–AG.**

United States Court of Appeals, Second Circuit.

April 6, 2006.

Charles Christophe, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney; Emily B. Metzger, Assistant United States Attorney, District of Kansas, Wichita, Kansas, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Arben Jata, through counsel, petitions for review of the December 2004 order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Substantial evidence supports the IJ's adverse credibility determination. The IJ accurately observed that Jata's accounts of the events of September 1998 were inconsistent. While Jata testified that he was able to avoid detention at that time, he claimed in his written application that the

police detained and beat him. The IJ properly relied on this obvious inconsistency, which was material to Jata's claim of having been persecuted on account of his political beliefs, and afforded "substantial evidence" in support of the IJ's adverse credibility finding, although the IJ did not solicit an explanation from Jata for the inconsistency. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 121 (2d Cir.2006), *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

The IJ appropriately factored Jata's demeanor into his adverse credibility finding, having the advantage of observing Jata as he testified. *See Diallo,* 232 F.3d at 290; *Guan v. Gonzales,* 432 F.3d 391, 398–99 (2d Cir.2005) (indicating that a factfinder's assessment of an applicant's demeanor as a witness, provides a "crucial means" of distinguishing between persuasive and unpersuasive claims of persecution).

Additionally, the IJ reasonably found Jata's response to the submission of the letter from the Tirana court directing him to appear at the police station, implausible. Jata initially testified that he did not know "at all" what had happened to the letter, denied that his parents sent it to him in the United States, and denied that he had seen the letter since leaving Albania. After being presented with the letter and told that it had been in the Government's file since Jata had provided it during his asylum interview, Jata explained that he had "forgot[ten] all about it." The IJ acknowledged Jata's explanation, but appropriately discredited it, finding it "absolutely impossible to believe that the applicant would forget about the existence of the very document that cause him to flee his home land." *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005)

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

(indicating that an IJ is not required to credit an applicant's explanations even if they appear plausible, but is required to take those explanations into account as significant factual assertions supporting the applicant's claim).

We conclude that the IJ's adverse credibility finding rested on valid grounds.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).